UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

SEP 1 5 2008

*****************************************************************

|   |   |   |
|---|---|---|
| OMAR RODRIGUEZ-RAMIREZ, | * | CIV 07-4115 |
|  | * | CR 06-40056 |
| Movant, | * |  |
|  | * |  |
| -vs- | * | MEMORANDUM OPINION AND |
|  | * | ORDER |
| UNITED STATES OF AMERICA, | * |  |
|  | * |  |
| Respondent. | * |  |

*****************************************************************

Pending before the Court is Movant, Omar Rodriguez-Ramirez's, motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, Doc. 39. Petitioner identifies four grounds for vacating his sentence, all of which are based upon allegations of ineffective assistance of counsel. The Government has filed a motion and brief in opposition to Movant's motion, supported by an Affidavit from Movant's attorney.

## BACKGROUND

On or about May 18, 2006, Movant was found in the United States in the District of South Dakota, having not obtained the consent of the Attorney General of the United States, in violation of 8 U.S.C. § 1326(a). Movant was arrested on May 24, 2006, and plead guilty to a charge of Illegal Reentry After Deportation. Movant was detained in federal custody until his sentencing before the Court.

At sentencing on October 23, 2006, the Court sentenced Movant to serve 37 months in prison. The United States Sentencing Commission Guideline for a violation of 8 U.S.C. 1326(a) calls for a base offense level of 8. However, Movant received a 16-level enhancement pursuant to U.S.S.G § 2L1.2(b)(1)(A) because he had been deported after a conviction of a felony that

was a crime of violence.[1]  The Advisory Sentencing Guideline range for a total offense level of 21 and a criminal history category of IV was 57 to 71 months.  Based upon a motion for downward departure made by Movant's attorney, the Court sentenced Movant below the advisory guideline range.  The Court based its downward departure on the fact that Movant had not committed a violent offense in more than 10 years and upon its finding that a guideline range of 37 to 46 months would adequately deter future criminal conduct and protect society.  Movant did not appeal his sentence to the Eighth Circuit Court of Appeals.

On August 17, 2007, Movant filed a motion under 18 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  In his motion, Movant identifies four grounds for vacating his sentence, all of which are based upon allegations of ineffective assistance of counsel.  The Court will address each of Movant's arguments in turn.

## DISCUSSION

Movant has filed a motion under 28 U.S.C. § 2255, alleging that the Court's judgment violates the Constitution of the United States because he was denied his Sixth Amendment right to effective representation.  *See McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970) ("It has long been recognized that the right to counsel is the right to effective assistance of counsel.") (citations omitted).

**Claim 1:      Alleged failure to file notice of appeal**

While the government posits that in order to succeed on an ineffective assistance of counsel claim, a defendant must show both deficient performance by counsel and prejudice to the defendant caused by that performance, the Eighth Circuit has clearly stated that an attorney's failure to file a notice of appeal after being instructed to do so by his client, as is alleged in this case, constitutes ineffective assistance entitling a defendant to section 2255 relief and no inquiry into prejudice or likely success on appeal is necessary.  *See United States v. Barger*, 204 F.3d

---

[1] Movant was convicted of 3rd Degree Felony Assault and on June 26, 2006, was sentenced to 180 days in jail, 5 years probation, a $370 fine and fees, and restitution totaling $692.25.

1180, 1181-82 (8th Cir. 2000) (*citing Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992)).

In order to succeed on a section 2255 claim under the facts of this case, Movant must show that he actually instructed his counsel to file an appeal. *See Holloway*, 960 F.2d at 1357. When there is a factual question as to whether such a request was made which cannot be resolved on the basis of the record, the district court must hold an evidentiary hearing before rendering a final decision on the claim. *See id.* at 1358.; *see also Williams v. Lockhart,* 849 F.2d 1134, 1137 (8th Cir. 1988). A Movant's bare assertion that he asked his attorney to file an appeal does not create a question of material fact that warrants an evidentiary hearing if the district court finds other, more credible evidence that indicates a contrary position. *See Barger*, 204 F.3d at 1182 (*citing Rodriguez v. United States,* 964 F.2d 840, 842 (8th Cir. 1992)).

Taking into consideration all of the facts on record, the Court finds insufficient evidence that Movant instructed his counsel to file an appeal. Movant's section 2255 motion indicates that after he discussed the possibility of appeal and potential drawbacks with his attorney, he agreed to forego the appeal. Movant's intent to appeal must be manifest and mere discussion regarding an appeal is not sufficient to entitle him to relief. Moreover, Movant's attorney, Timothy J. Langley, submitted an Affidavit, Doc. 47, supported by notes detailing his discussions with Movant regarding the potential for appeal, in which he confirm's Movant's statement of events and reemphasizes that after some discussion, Movant decided not to appeal his sentence.

Overall, the Court finds insufficient evidence on record indicating that Movant instructed his counsel to file an appeal and accordingly denies Movant's section 2255 claim on this basis.

**Claim 2:       Ineffective Assistance of Counsel**

The performance of counsel is ineffective when it is deficient and results in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice occurs where, in the absence of counsel's deficient performance, "the decision reached would reasonably likely have been different." *Id.* at 696.

Although the Court departed below the Guideline range of 57 to 71 months by imposing a sentence of 37 months, it appears that Movant contends that this reduction would have been

even greater if his counsel had sought a downward departure on other grounds. Specifically, Movant argues that his counsel's failure to request a downward departure based on (a) cultural assimilation; (b) family circumstances; and (c) equal protection violation, caused him prejudice.

The Court does not agree that Movant was prejudiced by defense counsel's decision to request a downward departure on grounds other than those posed by Movant. The grounds which Movant argues would have rendered an even greater downward departure were detailed in the Presentence Report and the Court therefore considered such factors in rendering its sentence. Therefore, no evidence of prejudice is present in this case.

**Claim 3:       Double Jeopardy**

The Court rejects Movant's claim that a sentencing enhancement based upon a prior criminal conviction constitutes double jeopardy. *See Munger v. Erickson*, 979 F.2d 1323, 1326 n.8 (8th Cir. 1992) (*citing United States v. Thomas*, 930 F.2d 12, 14 (8th Cir. 1991)). There is no double jeopardy violation in this case because Movant was only being punished for the present crime of Illegal Reentry, with his sentence being affected by his prior criminal history. *See id.* (stating that a court may consider a prior burglary conviction in fashioning an appropriate sentence for a subsequent crime without violating double jeopardy).

**Claim 4:       Failure to Request Credit for Time Served**

Movant's argument that counsel's failure to request credit for time served on his prior conviction deprived him of effective assistance of counsel is without merit. The Bureau of Prisons, and not the Court, has the authority to credit Defendant's sentence for time served under 18 U.S.C. § 3583(b). *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (*citing Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999)) (stating that only once a defendant exhausts administrative remedies with the BOP, may a prisoner seek judicial review of any jail-time credit determination). Because the Court had no authority to award Movant credit for time served, it therefore follows that Movant's counsel had no obligation to request such relief from the Court.

While pursuant to U.S.S.G § 5G1.3, the Court may adjust a defendant's sentence downward if a defendant is subject to an undischarged term of imprisonment, Movant had

4

already served his sentence of imprisonment for his prior conviction at the time of his federal sentencing. Accordingly, the Movant was not entitled to a downward departure based on time served for his prior conviction.

For the foregoing reasons, it is hereby ORDERED that Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 39, be DENIED on all of the grounds alleged by Movant.

Dated this __13th__ day of September, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY_____
(SEAL)        DEPUTY

5